# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Gabriel Angulo

**DEFENDANTS**
The Trustees of The University of Pennsylvania, d/b/a University of Pennsylvania

(b) County of Residence of First Listed Plaintiff: **Middlesex, MA**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Philadelphia, PA**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Albert J. Michell, PC, 40 W. Evergreen Ave. Ste 102 Philadelphia, PA 19118. Tel#215.922.2588

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [X] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | [ ] 950 Constitutionality of State Statutes |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC Section 200 et seq

Brief description of cause:
Religous, Race, National Origin Discrimination in Employment

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____  DOCKET NUMBER _____

DATE: 4/20/2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 403 Crescent Street, Apt.3, Waltham, MA 02453

Address of Defendant: 3451 Walnut Street, Suite 721, Philadelphia, PA 19104

Place of Accident, Incident or Transaction: Philadelphia, PA

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [x]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [x]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [x]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [x]

I certify that, to my knowledge, the within case [ ] is / [x] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 4/20/2021    *Albert J. Michell, Esq.*    76797
                    *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [x] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify):* _____

B. *Diversity Jurisdiction Cases:*
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Albert J. Michell, Esq., counsel of record *or* pro se plaintiff, do hereby certify:

[x] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[x] Relief other than monetary damages is sought.

DATE: 4/20/2021    *Albert J. Michell, Esq.*    76797
                    *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5 2018)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Gabriel Angulo | : | CIVIL ACTION |
| v. | : | |
| The Trustees of The University of Pennsylvania, d/b/a University of Pennsylvania | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                                     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                                                         ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.       ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                                                                                                 ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court.  (See reverse side of this form for a detailed explanation of special
management cases.)                                                                                                                                    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.            (x)

| | | |
|---|---|---|
| 4/20/2021 | Albert J. Michell, Esq. | Plaintiff Gabriel Angulo |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215.922.2588 | 215.922.2590 | amichell@netcarrier.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

GABRIEL ANGULO
403 Crescent Street
Apartment 3
Waltham, MA 02453

      Plaintiff

v.

THE TRUSTEES OF THE UNIVERSITY
OF PENNSYLVANIA, d/b/a UNIVERSITY
OF PENNSYLVANIA
3451 Walnut Street
Suite 721
Philadelphia, PA 19104

      Defendant

CIVIL ACTION

DOCKET NO.:

## COMPLAINT

Comes now the Plaintiff Gabriel Angulo, by and through counsel Albert J. Michell, Esquire, and for his complaint and cause of action, states as follows:

## PARTIES

1. Plaintiff Gabriel Angulo (hereinafter "Plaintiff" or "Mr. Angulo") is an adult Hispanic male of the Catholic faith who is a resident of Massachusetts living at 403 Crescent Street, Apartment 3, Waltham, MA 02453.

2. Defendant, Trustees of the University of Pennsylvania, d/b/a University of Pennsylvania (hereinafter "Defendant"), is a private university located in Philadelphia with an address of 3451 Walnut Street, Suite 721, Philadelphia, PA 19104 and is a person as defined in 42 U.S.C. Sec 2000e-2(a).

3. At all times relevant to this action, Defendant was "engaged in an industry affecting commerce" within the meaning of Sections 701(g) and 701(h) of Title VII, 42 U.S.C. Sections 2000e(g) and 2000e(h) (hereinafter "Title VII").

At all times relevant to this action, Defendant employed over 500 employees.

At all times relevant to this action, Defendant was an "employer" within the meaning of Section 701(b) of Title VII, 42 U.S.C. Section 2000e(b).

At all times relevant to this action, Defendant was an "employer" within the meaning of Section 4 of the Pennsylvania Human Relations Act (hereinafter "PHRA"), 43 P.S. Section 954 and Section 5 of the PHRA, 43 P.S. Section 955.

## JURISDICTION

4. Jurisdiction of this Court comes under 28 U.S.C. Sec. 1331 (Federal Question) based on Mr. Angulo's claims under Sections 703(a) and 706(f)(1) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e-2(a) and 2000e-5(f)(1) ("Title VII") (Employment Discrimination). The state law components of this action arise under the Pennsylvania Human Relations Act, 43 P.C. Sections 953, 955 and 962(c)(1). This Court has supplemental subject matter jurisdiction over the state law components of this action pursuant to 28 U.S.C. Section 1367(a) Title VII.

## VENUE

5. Venue in this district is proper because the discriminatory acts complained of occurred primarily at Defendant's campus located in Philadelphia, Pennsylvania.

## PROCEDURAL REQUIREMENTS

6. On March 11, 2019, within 180 days of the occurrence of the act of discrimination of which he complains, Plaintiff filed a complaint against Defendant with the Pennsylvania Human Relations Commission (hereinafter "PHRC") alleging race/national origin based employment discrimination. Said complaint was concurrently filed with the Equal Employment Opportunity Commission (hereinafter "EEOC") and was assigned Charge No. 17F201960339.

On April 24, 2019, also within 180 days of the occurrence of the act of discrimination of which he complains, Plaintiff filed an EEOC Charge alleging the same race/national origin based discrimination as the prior charge but adding an allegation of religion-based discrimination. This was assigned Charge No. 17F2020-61071 and was concurrently filed with the PHRC.

The EEOC has held exclusive jurisdiction over Plaintiff's Charges for over 180 days.

To date, the EEOC has not reached a conciliation agreement to which Plaintiff is a party. On 3/30/2021, Plaintiff received from the EEOC Notices of Right To Sue for both Charges, allowing him to sue in Federal Court within ninety (90) days. (See attached hereto and incorporated herein as Plaintiff's Exhibit "A", Notice of Right To Sue letters.)

## FACTS

7. Plaintiff Gabriel Angulo is an Hispanic male of Mexican descent of the Catholic Faith who at all times material and relevant hereto held a sincere and bona fide belief in the tenets of that faith.

8. Plaintiff has a Bachelor of Arts in Religious Studies from De Paul University; a Masters of Arts in Library and Information Studies from the University of Wisconsin-Madison; and a Master of Arts in Medieval Jewish Studies from the Jewish Theological Seminary.

9. As of July 2018 Plaintiff had between 3 and 4 years of experience cataloging rare books and manuscripts, including Hebraic material.

10. As of July 2018 Plaintiff possessed knowledge of the Hebrew, German, Yiddish, and Latin languages sufficient to catalogue material in those languages.

11. Plaintiff was Rare Books and Manuscripts Librarian at the Boston Public Library from September 2017 to July 2018 when Plaintiff became Metadata Librarian for Hebrew Language Materials at Brandeis University.

12. In July 2018 Plaintiff applied for a position with Defendant University of Pennsylvania titled Judaica Special Collections Cataloging Librarian.

13. A portion of Defendant's posted qualifications for this position read: "A Masters degree from an ALA accredited library science program and 3 to 5 years related experience, or equivalent combination of experience and graduate education in a subjected-related field, are required." (See attached hereto and incorporated herein as Plaintiff's Exhibit "B", University of Pennsylvania Job Posting - Judaica Special Collections Cataloging Librarian)

14. The job posting also required a "Strong knowledge of the Hebrew, Yiddish, German, and Latin languages. . ." and indicated Defendant preferred a minimum of three years experience in original cataloging. (See Exhibit "B".)

15. Plaintiff made clear in his application material, which included his application and his

resume, his solid knowledge of the Hebrew, German, Yiddish, and Latin languages which enabled him to catalog as well as prepare accurate catalog descriptions for rare books and manuscripts in these languages.

16. Plaintiff also made clear in his application material his educational background and relevant work experience including but not limited to that enumerated above.

17. Plaintiff's application materials made clear that he had, at the time of the application, the required educational prerequisites and more than the required 3 years experience cataloging rare books and manuscripts.

18. Plaintiff was selected as a finalist for the position and was invited to, and did, interview for the position on October 29, 2018 at Defendant's campus in Philadelphia.

19. As part of the interview process Plaintiff was given a presentation topic to discuss with a hiring committee.

20. At the beginning of his interview, as Plaintiff attempted to present his topic and discuss it, he was immediately interrupted by search committee member Arthur Kiron (white Jewish male), who continuously throughout the presentation attempted to argue with Plaintiff regarding the Romanization system for Hebrew and Yiddish, which was not part of the presentation topic.

21. During the afternoon discussions with the search committee, Mr. Kiron continued to interrupt and argue with Plaintiff, this time about Plaintiff's knowledge of Rabbinic idioms, upon which he (Mr. Kiron) placed great emphasis, though it was not even listed in either the position's qualifications or preferred experience/knowledge.

22. Mr. Kiron's continuous interruptions and arguments took up nearly half of the afternoon's discussions between Plaintiff and the hiring committee, were essentially irrelevant to the position, and added tension to Plaintiff's interview process.

23. Arthur Kiron was the only Judaica collections expert on the hiring committee. Mr. Kiron's continued interruptions and arguments on the merits of the Romanization system and testing of Plaintiff's knowledge of Rabbinic idioms detrimentally affected Plaintiff's interview.

24. On November 9, 2018 Plaintiff learned that he was not selected for the position, which was instead given to Louis Meiselman (white Jewish male), who, though similarly situated to Plaintiff, was not a member of Plaintiff's protected classes and was not treated in a like manner.

25. Mr. Meiselman was less qualified than Plaintiff and did not meet even the minimum

posted qualifications for the position; in particular, at the time he was hired Mr. Meiselman did not have a Master's degree in Library Science, and he possessed less than two years of experience in preparing original catalog records for rare books and manuscripts. These facts were known by Defendant who had possession of Mr. Meiselman's application material, including his resume.

26. Plaintiff is a member of protected classes, Hispanic, Mexican-American, and Catholic.

27. Plaintiff was qualified for the position for which the employer was seeking applications and was rejected despite his qualifications.

28. After Plaintiff's rejection the position remained open and Defendant continued to seek applicants from persons of Plaintiff's qualifications.

29. Defendant selected a person outside of Plaintiff's protected classes who was not only less qualified than Plaintiff, but also did not meet the required qualifications for the position.

30. Given the decision-making process, the refusal to hire Plaintiff was because of his membership in his protected classes.

31. Defendant's actions led to Plaintiff's failure to be hired and were motivated by race, national origin, and religious animus.

## COUNT I
Title VII-Race and National Origin Discrimination in Employment

32. Plaintiff incorporates paragraphs 1 through 31 as though set forth in full herein.

33. By the conduct set forth in the Statement of Facts above, Defendant engaged in unlawful employment discrimination in violation of Section 703 (a) of Title VII, 42 U.S.C. Section 2000e-2(a).

34. Defendant by and through its agents and employees discriminated against Plaintiff because of his race (Hispanic) and national origin (Mexican) by means of its above conduct in failing to hire Plaintiff for the open position for which he applied and for which he was qualified.

35. Defendant discriminated against Plaintiff with regard to the terms, conditions, privileges, and benefits of employment based upon his race and national origin. This discrimination constitutes violations of Title VII.

36. As a result of Defendant's actions, Plaintiff has suffered emotional pain and distress, loss

of income, loss of benefits, mental anguish, and loss of enjoyment of life's pleasures.

37. The unlawful employment practices outlined above were intentional.

38. The above described conduct of Defendant with regard to Plaintiff was extreme and outrageous and was committed with a malicious, willful, and/or reckless indifference to the federally protected rights of Plaintiff, warranting punitive damages.

**WHEREFORE,** Plaintiff Gabriel Angulo demands judgment in his favor and against Defendant and requests that this Court order that:

(a) Defendant compensate Plaintiff for the wages and other benefits and emoluments of employment lost because of Defendant's unlawful conduct;

(b) Defendant pay to Plaintiff compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses as allowable; and

(c) Defendant pay to Plaintiff all other legal and equitable relief recoverable under Title VII, including, but not limited to, punitive damages, employment with applicable seniority, attorneys' fees, expert witness fees, the costs of this action, and pre-and post-judgment interest.

## COUNT II
PHRA- Race and National Origin Discrimination in Employment

39. Plaintiff incorporates paragraphs 1 through 38 as though set forth in full herein.

40. By the conduct set forth in the Statement of Facts above, Defendant engaged in unlawful employment discrimination in violation of the Pennsylvania Human Relations Act, 43 P.C. Sections 953 and 955.

41. Defendant by and through its agents and employees discriminated against Plaintiff because of his race (Hispanic) and national origin (Mexican) by means of its above conduct in failing to hire Plaintiff for the open position for which he applied and for which he was qualified.

42. Defendant discriminated against Plaintiff with regard to the terms, conditions, privileges, and benefits of employment based upon his race and national origin. This constitutes violations of the PHRA.

43. As a result of Defendant's actions, Plaintiff has suffered emotional pain and distress, loss

of income, loss of benefits, mental anguish, and loss of enjoyment of life's pleasures.

44. The unlawful employment practices outlined above were intentional.

**WHEREFORE,** Plaintiff Gabriel Angulo demands judgment in his favor and against Defendant and requests that this Court order that:

(a) Defendant compensate Plaintiff for the wages and other benefits and emoluments of employment lost because of Defendant's unlawful conduct;

(b) Defendant pay to Plaintiff compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses as allowable; and

(c) Defendant pay to Plaintiff all other legal and equitable relief recoverable under the PHRA, including, but not limited to, employment with applicable seniority, attorneys' fees, expert witness fees, the costs of this action, and pre-and post-judgment interest.

## COUNT III
### Title VII- Religious Discrimination in Employment

45. Plaintiff incorporates paragraphs 1 through 44 as though set forth in full herein.

46. By the conduct set forth in the Statement of Facts above, Defendant engaged in unlawful employment discrimination in violation of Section 703 (a) of Title VII, 42 U.S.C. Section 2000e-2(a).

47. Defendant by and through its agents and employees discriminated against Plaintiff because of his religion by means of its above conduct in failing to hire Plaintiff for the open position for which he applied and for which he was qualified.

48. Defendant discriminated against Plaintiff with regard to the terms, conditions, privileges, and benefits of employment based upon his religion. This discrimination constitutes violations of Title VII.

49. As a result of Defendant's actions, Plaintiff has suffered emotional pain and distress, loss of income, loss of benefits, mental anguish, and loss of enjoyment of life's pleasures.

50. The unlawful employment practices outlined above were intentional.

51. The above described conduct of Defendant with regard to Plaintiff was extreme and

outrageous and was committed with a malicious, willful, and/or reckless indifference to the federally protected rights of Plaintiff, warranting punitive damages.

**WHEREFORE,** Plaintiff Gabriel Angulo demands judgment in his favor and against Defendant and requests that this Court order that:

(a) Defendant compensate Plaintiff for the wages and other benefits and emoluments of employment lost because of Defendant's unlawful conduct;

(b) Defendant pay to Plaintiff compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses as allowable; and

(c) Defendant pay to Plaintiff all other legal and equitable relief recoverable under Title VII, including, but not limited to, punitive damages, employment with applicable seniority, attorneys' fees, expert witness fees, the costs of this action, and pre-and post-judgment interest.

## COUNT IV
### PHRA- Religious Discrimination in Employment

52. Plaintiff incorporates paragraphs 1 through 51 as though set forth in full herein.

53. By the conduct set forth in the Statement of Facts above, Defendant engaged in unlawful employment discrimination in violation of the Pennsylvania Human Relations Act, 43 P.C. Sections 953 and 955.

54. Defendant by and through its agents and employees discriminated against Plaintiff because of his religion by means of its above conduct in failing to hire Plaintiff for the open position for which he applied and for which he was qualified.

55. Defendant discriminated against Plaintiff with regard to the terms, conditions, privileges, and benefits of employment based upon his religion. This discrimination constitutes violations of the PHRA.

56. As a result of Defendant's actions, Plaintiff has suffered emotional pain and distress, loss of income, loss of benefits, mental anguish, and loss of enjoyment of life's pleasures.

57. The unlawful employment practices outlined above were intentional.

**WHEREFORE,** Plaintiff Gabriel Angulo demands judgment in his favor and against

Defendant and requests that this Court order that:

(a) Defendant compensate Plaintiff for the wages and other benefits and emoluments of employment lost because of Defendant's unlawful conduct;

(b) Defendant pay to Plaintiff compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses as allowable; and

(c) Defendant pay to Plaintiff all other legal and equitable relief recoverable under the PHRA, including, but not limited to, employment with applicable seniority, attorneys' fees, expert witness fees, the costs of this action, and pre-and post-judgment interest.

## JURY DEMAND

Plaintiff requests trial by jury on all counts.

Dated: 04/20/2021

/s/ Albert J. Michell
Albert J. Michell, Esquire
Attorney ID: 76797
**ALBERT J. MICHELL, P.C.**
40 West Evergreen Avenue, Suite 102
Philadelphia, PA 19118
Send correspondence to:
PO Box 4062
Philadelphia, PA 19118
Telephone: 215.922.2588
Validation of Signature Code: AJM4598

EXHIBIT "A"

EEOC Form 161-B (11/2020)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: **Gabriel Angulo**
403 Crescent Street, Apt. 3
Waltham, MA 02453

From: **Philadelphia District Office**
801 Market Street
Suite 1000
Philadelphia, PA 19107

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 17F-2019-60339 | **Kurt Jung**<br>State, Local & Tribal Program Manager | (267) 589-9749 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Dana R. Hutter* (signature)    03/30/2021

Dana R. Hutter
Deputy Director

(Date Issued)

Enclosures(s)

cc: **UNIVERSITY OF PENNSYLVANIA**

Albert J. Michell, Esq.
Albert J. Michell, P.C.
P.O. Box 4062
Philadelphia PA 19118
amichell@netcarrier.com

Jennifer Prettyman Reno
Associate General Counsel
University of Pennsylvania
Office of the General Counsel
2929 Walnut Street, Suite 400
Philadelphia, PA 19104
jennifer.reno@ogc.upenn.edu

EEOC Form 161-B (11/2020)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Gabriel Angulo<br>403 Crescent Street, Apt. 3<br>Waltham, MA 02453 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1000<br>Philadelphia, PA 19107 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 17F-2020-61071 | Kurt Jung<br>State, Local & Tribal Program Manager | (267) 589-9749 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Dana R Hutter*  03/30/2021

Dana R. Hutter
Deputy Director

(Date Issued)

Enclosures(s)

cc:  UNIVERSITY OF PENNSYLVANIA

Albert J. Michell, Esq.
Albert J. Michell, P.C.
P.O. Box 4062
Philadelphia PA  19118
amichell@netcarrier.com

Jennifer Prettyman Reno
Associate General Counsel
University of Pennsylvania
Office of the General Counsel
2929 Walnut Street, Suite 400
Philadelphia, PA 19104
jennifer.reno@ogc.upenn.edu

EXHIBIT "B"

# JUDAICA SPECIAL COLLECTIONS CATALOGING LIBRARIAN

## Posting Details

### Posting Details

| | |
|---|---|
| Reference Number | 50-29075 |
| Posted Job Title | JUDAICA SPECIAL COLLECTIONS CATALOGING LIBRARIAN |
| School Name | University Library |
| Org | Special Collections Library |
| Posted to the Web | 07/12/2018 |
| Posted Job/Salary Grade | 027 |
| Employment Type | Exempt |
| Hours | N/A |
| Position Type | Full Time |
| Position Schedule | 9-5 |
| Months | 12 |
| Position Length | Ongoing |
| Position End Date | |
| University Overview | The University of Pennsylvania, the largest private employer in Philadelphia, is a world-renowned leader in education, research, and innovation. This historic, Ivy League school consistently ranks among the top 10 universities in the annual U.S. News & World Report survey. Penn has 12 highly-regarded schools that provide opportunities for undergraduate, graduate and continuing education, all influenced by Penn's distinctive interdisciplinary approach to scholarship and learning. Penn offers a unique working environment within the city of Philadelphia. The University is situated on a beautiful urban campus, with easy access to a range of educational, cultural, and recreational activities. With its historical significance and landmarks, lively cultural offerings, and wide variety of atmospheres, Philadelphia is the perfect place to call home for work and play. The University offers a competitive benefits package that includes excellent healthcare and tuition benefits for employees and their families, generous retirement benefits, a wide variety of professional development opportunities, supportive work and family benefits, a wealth of health and wellness programs and resources, and much more. |
| School/Center Overview | The Penn Libraries serve the world-class faculty and students of Penn's 12 schools. The Libraries' collections comprise more than 7 million volumes, over 100,000 journals, some 2 million digitized images, and extraordinary rare and unique materials that document the intellectual and cultural experience of ancient and modern civilizations. Through our collaborative relationships, we supplement Penn's great local collections with physical access to the Center for Research Libraries (approximately 5 million items), the combined holdings of the Ivies (more than 70 million volumes), and exclusive electronic access to some 2 million public domain titles in the HathiTrust. Today, the Libraries play an instrumental role in developing new technologies for information discovery and dissemination and are noted for groundbreaking work in digital library design. To learn more about the Penn Libraries, visit http://www.library.upenn.edu |
| Duties | The Judaica Special Collections Cataloging Librarian will be responsible for original and complex cataloging of all rare Judaica materials, including all printed formats, codex and single-item manuscripts, archives and digital collections, held in the Kislak Center for Special Collections, Rare Books and Manuscripts and at the Katz Center for Advanced Judaic Studies. The Judaica Special Collections Cataloging Librarian reports to the Director of the Special Collections Processing Center in the Kislak Center for Special Collections, Rare Books and Manuscripts. This person will also communicate regularly with the Schottenstein-Jesselson |

Curator of Judaica Collections concerning a variety of collection-related responsibilities. In addition to cataloging all rare Judaica materials, the position will also accession these materials, independently define policies and best practices for the cataloging and processing of rare Judaica; independently establish cataloging priorities and workflows; and independently develop and implement special projects. This person will play a central role in division-wide strategic planning, and will work in collaboration with other divisions of the Library to develop innovative methods of describing and disseminating library material, reflecting the newest developments in the field. The Judaica Special Collections Cataloging Librarian will be expected to make innovative contributions to collections processing writ large, and represent Penn Libraries at national and international levels to report on and seek out innovative collaborative cataloging and digitization projects.

**Qualifications**

1) Master's degree from an ALA-accredited library science program and 3 to 5 years of related experience, or equivalent combination of experience and graduate education in a subject-related field, are required.
2) Strong knowledge of the Hebrew, Yiddish, German and Latin languages, including rules for Romanization, as prescribed by the ALA-LC transliteration scheme for Hebrew.
3) Demonstrated progressively-responsible experience cataloging rare materials in Hebrew and Yiddish
4) Thorough knowledge of MARC21, AACR2, Library of Congress Rule Interpretations, Library of Congress Subject Headings and Classification and, if implemented, Resource Description & Access (RDA), EAD, and AT.
5) Experience with bibliographic utilities, such as OCLC, and network-based tools, such as Cataloger's Desktop and Classification Web.
6) Facility in the use of computer applications.
7) Demonstrated experience in developing and implementing effective work routines and procedures.
8) Ability to work both independently and with others in a dynamic and collaborative work environment.
9) Strong oral and written communication skills, with an excellent knowledge of English, including ability to understand, interpret and write complex documentation.

Preferred:
1) Minimum of three years' experience in original cataloging.
2) Supervisory experience, including supervision of non-professional staff.
3) Reading knowledge of other languages.
4) Familiarity with non-MARC metadata schemas.

**Affirmative Action Statement**

Penn adheres to a policy that prohibits discrimination on the basis of race, color, sex, sexual orientation, gender identity, religion, creed, national or ethnic origin, citizenship status, age, disability, veteran status, or any other legally protected class.

**Special Requirements**

Background check required after a conditional job offer is made. Consideration of the background check will be tailored to the requirements of the job.

**Quick Link**

http://jobs.hr.upenn.edu/postings/38472

## Posting Supplemental Questions

Required fields are indicated with an asterisk (*).

1. * How did you hear about this employment opportunity?

    - Jobs@Penn
    - Contacted by a Penn Recruiter
    - Referred by a Penn Employee
    - Referred by a friend or family member
    - Higher Education Recruitment Consortium (HERC)
    - Inside Higher Ed
    - Indeed.com
    - Other Internet Advertisement
    - LinkedIn
    - Twitter
    - Other Social Media Site
    - Professional Affiliation/Trade Website
    - Diversity Association/Publication Website
    - Heard about it at a conference or career fair
    - Apple One
    - Recruitment and/or staffing agency

2. * What is your highest level of education completed?